UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR216-25 |
| | ) | |
| v. | ) | |
| | ) | |
| GUADALUPE ACUNA | ) | |

**AMENDED ORDER OF FORFEITURE**

WHEREAS, on September 8, 2016, a federal grand jury sitting in the Southern District of Georgia returned a six-count Indictment against Defendant Guadalupe Acuna and a co-defendant charging violations of 21 U.S.C. § 846 (Count One – Conspiracy to Possess with Intent to Distribute Methamphetamine); 21 U.S.C. § 841(a)(1) (Counts Two and Three – Possession of 5 Grams or More of Methamphetamine with Intent to Distribute); 21 U.S.C. § 841(a)(1) (Count Four – Possession of Methamphetamine with Intent to Distribute); 21 U.S.C. § 841(a)(1) (Count Five – Possession of 50 Grams or More of Methamphetamine with Intent to Distribute); and 18 U.S.C. § 924(c) (Count Six – Possession of a Firearm in Furtherance of a Drug Trafficking Crime);

WHEREAS, the Indictment sought forfeiture pursuant to 21 U.S.C. § 853 of any property obtained, directly or indirectly, as a result of such offenses charged in Counts One through Five of the Indictment, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such offenses;

WHEREAS, the Indictment additionally sought forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) of any firearms and ammunition involved in the commission of the offenses charged in Counts One through Six of the Indictment;

WHEREAS, the Indictment further provided for the forfeiture of substitute assets pursuant to 21 U.S.C § 853(p) of any other property of Defendant up to the value of the property subject to forfeiture;

WHEREAS, on February 10, 2017, pursuant to a written plea agreement, Defendant pled guilty to the lesser included offense of Possession of a Quantity of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), contained within Count Five of the Indictment;

WHEREAS, pursuant to his plea agreement, Defendant agreed to forfeit to the United States all right, title and interest in any firearms and ammunition involved or used in the knowing commission of the offense to which he has pled guilty;

WHEREAS, pursuant to his plea agreement, Defendant agreed to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment without further order of the Court;

WHEREAS, on February 10, 2017, this Court approved a Consent Order of Forfeiture that, due to a scrivener's error, inaccurately described the property to be forfeited; and

WHEREAS, the Government and Defendant have jointly moved this Court to amend its Order of Forfeiture so that the property to be forfeited may be described correctly as:

    a.    one Smith & Wesson .38 caliber revolver bearing serial number CXS5479,

    b.    one box of 9mm ammunition, and

    c.    one box of .38 Special caliber ammunition

(collectively, the "Subject Property").

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The parties' joint motion to amend the Consent Order of Forfeiture is GRANTED.

2. Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite nexus between the Subject Property and the offenses committed by Defendant, and the Subject Property is hereby forfeited to the United States.

3. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

4.  Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order. No such notice or ancillary proceeding is necessary to the extent that this Order consists solely as a judgment for a sum of money. *See* Fed. R. Crim. P. 32.2(c)(1).

5.  Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

6.  Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7.  Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

8. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court shall forward four certified copies of this Order to Assistant U.S. Attorney Theodore S. Hertzberg, United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31412.

Date: April 6, 2017

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA